UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 15-818 DSF (GJSx) | Date | 8/5/15 |
| Title | Jeff Akahoshi v. Bank of America, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING in part and DENYING in part Defendant's Motion to Dismiss (Dkt. No. 13)

     Defendant Bank of America moves to dismiss Plaintiff Jeff Akahoshi's Complaint, which alleges violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., and the Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code §§ 1785.1 et seq. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for August 17, 2015 is removed from the Court's calendar.[1]

     The Complaint's first cause of action alleges that Bank of America violated FCRA §§ 1681b, 1681i, and 1681s-2(b) by, inter alia, failing to reasonably investigate a negative line item on Akahoshi's credit report. (See Compl. ¶¶ 21-26.) Sections 1681b and 1681i apply to credit reporting agencies, but do not govern the conduct of furnishers. See § 1681b (detailing when a credit reporting agency may furnish a consumer report), § 1681i(a) (prescribing when credit reporting agencies must reinvestigate claims). At least for purposes of this action, Bank of America is a furnisher, not a credit reporting agency. (Id. ¶ 22.) Akahoshi's §§ 1681b and 1681i claims are therefore inapplicable to

---

[1] Counsel for the moving party asserts that plaintiff's counsel failed to respond to his request to meet and confer pursuant to Local Rule 7-3. Plaintiff's counsel does not respond to this allegation. The Court advises both parties that failure to comply with the Court's Rules and Orders is likely to result in sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Bank of America.[2]  The §§ 1681b and 1681i claims are DISMISSED.

Pursuant to § 1681s-2(b)(1), when a furnisher receives notice from a credit reporting agency that someone has disputed the completeness or accuracy of any information provided, the furnisher must "conduct a reasonable investigation" concerning the disputed information.  Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1157 (9th Cir. 2009).  It is undisputed that § 1681s-2(b) applies to furnishers such as Bank of America.

Bank of America contends that Akahoshi has not alleged a cognizable claim under 1681s-2(b) because Akahoshi has not plausibly pled that the disputed information was inaccurate.  To support this position, Bank of American requests that the Court take judicial notice of various documents that suggest Akahoshi lost a property through foreclosure in early 2010.  (See Def.'s RJN, Exs. A-D.)  Akahoshi does not dispute that he must plead an inaccuracy.  He does, however, contend that the facts underlying Bank of America's argument are not susceptible to judicial notice.

"A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment."  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  "But a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'"  Id. (quoting Fed. R. Evid. 201(b).)  Therefore, even if a particular document is in the public record and itself is subject to judicial notice, courts may not take "judicial notice of *disputed* facts" within the document.  Id. at 690.

Bank of America asks the Court to judicially notice the fact that Akahoshi lost a property to foreclosure.  Although the authenticity of the documents submitted by Bank of America appears unchallenged, Akahoshi disputes the veracity of the relevant facts stated therein.  As in Lee, it would be improper for the Court to judicially notice reasonably disputed facts, even if those facts are stated within publicly recorded documents.  See id. at 689-90.  The Court GRANTS Bank of America's request to take judicial notice of the documents themselves, but DENIES the request as it applies to the disputed facts concerning a purported foreclosure.  See United States v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011).  Akahoshi's allegations, although arguably less precise than would be ideal, are sufficient to support the plausible inference that the challenged line item in his credit report was inaccurate.  (See Compl. ¶¶ 6-7, 12, 22.)  The

---

[2] Akahoshi does not dispute this conclusion.  The only argument in Akahoshi's opposition concerns § 1681s-2(b).  (See Pl.'s Opp. at 3-4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

§ 1681s-2(b) claim may proceed.

Akahoshi does not oppose dismissal of his CCRAA cause of action, which is DISMISSED.

The motion to dismiss is GRANTED in part and DENIED in part in accordance with the foregoing.  An amended complaint, if plaintiff chooses to file one, must be filed and served no later than August 25, 2015.  Failure to file and serve by that date will waive the right to do so.  The Court does not grant leave to add new defendants or new claims.  Leave to add defendants or new claims must be sought by a separate, properly noticed motion.  Defendant's response will be due September 15, 2015.

IT IS SO ORDERED.